IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Elton Williams, | ) |
|                 Petitioner, | ) C/A No. 9:19-0763-MBS |
| vs. | ) |
| Chief Probation Officer, U.S.<br>Probation Officer for D.S.C., | ) **ORDER AND OPINION** |
|                 Respondent. | ) |

This matter is before the court on petition for writ of habeas corpus under 28 U.S.C. § 2241 filed by Petitioner Elton Williams on August 31, 2011. At the time of filing, Petitioner was an inmate in custody of the Federal Bureau of Prisons who was housed at FCI-Petersburg Low in Petersburg, Virginia, serving a sentence imposed by the Honorable Dennis W. Shedd of this court on November 13, 2002. Petitioner filed his § 2241 petition in the Eastern District of Virginia, asserting that he was in custody pursuant to an illegal sentence because he erroneously was deemed to be a career offender.

On May 6, 2013, the Honorable Rebecca Beach Smith, Chief United States District Judge, issued an order denying the § 2241 petition on the grounds that Petitioner had failed to show that 28 U.S.C. § 2255 was inadequate or ineffective to test the legality of his sentence because the savings clause, 28 U.S.C. § 2255(e), did not extend to movants challenging only their sentences. Petitioner appealed the ruling to the Court of Appeals for the Fourth Circuit. On January 9, 2019, the Fourth Circuit vacated the district court's ruling based upon decisions in Lester v. Flournoy, 909 F.3d 709 (4th Cir. 2018), and United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018), and remanded for further consideration. The Fourth Circuit noted that, by this time, Petitioner had been released from

custody but was serving a term of supervised release. ECF No. 31.

The § 2241 petition was transferred to this court on March 11, 2019. In accordance with 28 U.S.C. § 636(b) and Local Civ. Rule 73.02 (D.S.C.), this matter was referred to United States Magistrate Judge Bristow Marchant for pretrial handling. On May 30, 2019, the Magistrate Judge issued an order authorizing service of process on the Chief Probation Officer, and specifically directing Petitioner to keep the Clerk of Court apprised in writing of any address change. Petitioner was cautioned that his failure to comply with the order would subject the § 2241 petition to dismissal. The envelope containing Petitioner's copy of the Magistrate Judge's order was returned to the Clerk's Office on July 8, 2019, marked "RETURN TO SENDER - UNDELIVERABLE AS ADDRESSED - UNABLE TO FORWARD."

On August 2, 2019, Respondent filed a motion to dismiss, or in the alternative, for summary judgment, asserting that Petitioner had completed his sentence, including his term of supervised release, which expired on June 27, 2019. Respondent argued that the § 2241 petition is moot in that it no longer presented a live case or controversy. Respondent's motion was not served on Petitioner because, according to Respondent, Petitioner's whereabouts were unknown. On August 5, 2019, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Magistrate Judge advised Plaintiff of the dismissal procedures and the possible consequences if he failed to respond adequately. The envelope containing the Roseboro order was not returned to the Clerk's office; nevertheless, Petitioner filed no response to Respondent's motion.

On September 11, 2019, the Magistrate Judge issued a Report and Recommendation in which he recommended that Respondent's motion for summary judgment be granted on the ground of mootness. The envelope containing Petitioner's copy of the Report and Recommendation was

returned to the Clerk's Office on October 9, 2019, marked "RETURN TO SENDER - NOT DELIVERABLE AS ADDRESSED - UNABLE TO FORWARD."

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id.

It appears that Petitioner no longer wishes to pursue this action. Further, Petitioner no longer is in custody, as he was released from incarceration and his term of supervised release has expired. For the reasons stated herein, the § 2241 petition is dismissed as moot.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

December 9, 2019